## JULY TERM, 1842.

### SOPHIA BACON, et al. v. MARGARET CONN.

To constitute a valid tender, it must be unconditional, and of a definite and specific character.

Where a tender was made for the purpose of redeeming property sold at tax sale, and after the tender had been made, the person desiring to redeem also *requested* the purchaser to deliver possession of the property, and cancel the tax deeds ; *held*, that the requests formed no part of the tender, and were not limitations upon it.

If a person makes a tender coupled with a condition, and the tender is positively rejected, without assigning any reason or objection to it, how far the person refusing the tender can afterwards make objections to the form and mode of it ?  *Quære.*

Where the bill avers the execution of a deed of the 10th March, 1836, and the answer denies the execution of such a deed, and the proof shows the execution of a deed, of the 13th of March, 1836 ; *held*, that the variance excluded the deed from testimony.

In such case the Court would allow an amendment, if the variance were accidental.

A court of chancery has jurisdiction to decree a cancelment of a tax-collector's deed, in a proper case.

THE bill shows, that on 10th March, 1836, John Conn, since deceased, and Margaret his wife, conveyed to Joseph Joseph, Hardy Hendren, and others, a certain lot of ground in the city of Vicksburg, being lot 90, in square 16.   That on the 19th March, 1836, said Joseph and others made a deed of trust to Everette and Morris, trustees, conveying this lot to secure the purchase-money to said John Conn, which trust, and the note intended to be secured thereby, Conn transferred to William Bacon, since deceased ; that Sophia Bacon, and D. Bacon, messenger, the complainants, are executor and executrix of said William Bacon, and sole devisees under the will.   That, on the 25th January, 1841, the said notes, then held by transfer from said John Conn, being due and unpaid, said Everette and Morris, trustees, at the request of said Sophia, and D. Bacon, messenger, sold said lot 90, in square 16, under the deed, following in every particular the provisions thereof.   At this sale, Sophia, and said D. Bacon, messenger, became the purchasers.

That on the 7th September, 1840, the lot was sold by the tax-collector of Warren county, for taxes due by Joseph and Hendren,

for the years 1837, 1838 ; and at this sale, Margaret Conn be-
came the purchaser for the sum of $97,41, and the tax-collector
executed a deed to her for the lot. That, on the 23d March,
1841 (within 12 months from the date of the sale), said Sophia
learning for the first time, that the lot had been sold for taxes, did,
on that day, tender to said Margaret the sum so paid by her, and
all taxes and charges since her said purchase, if any, and interest
at the rate of 100 per cent. per annum, and requested said Mar-
garet to cancel said tax-deed, or transfer the same to said Sophia
and other parties interested, and to deliver possession of said lot.
This, Mrs. Conn refused.

That the unjust conduct of said Margaret has caused to com-
plainants great loss in rents of the property ; abuse and neglect of
the same.

That since the tax sale, Mrs. Conn had leased or rented the lot
to James Hagan, at $30 per month. That Hagan was insolvent,
and if the rents were suffered to accumulate, that the whole would
be lost.

That Mrs. Conn was insolvent, and if the rents were collected
by her she would be unable to refund them. That Hagan refuses
to pay rent to complainants.

Mrs. Conn pretends, that she never joined with her husband in
the execution of said deed to Joseph and others, and that she has a
right of dower in said lot. Complainant charges this to be false; prays
for a receiver to take possession of said property, and to collect the
rents and to hold the same, subject to order of the Court ; to
enjoin Hagan from paying rents to Mrs. Conn, and that the deed
of the tax-collector be cancelled.

*The answer of Margaret Conn*, admits the execution of the
deed to Joseph and others ; denies that she joined in the deed ;
admits that the grantees in the deed took possession, and made
valuable improvements thereon.

Admits the execution of the deed of trust by Joseph and others,
to secure the purchase-money.

Admits the purchase under the tax sale for $97,41.

Admits the tender by said Sophia with 100 per cent. int., &c.,
but says it was coupled with conditions, as stated in the bill, with

which she would not comply ; that the proviso (of delivering possession, &c.) takes away the character of a tender. That she claims possession not only by virtue of her tax deed, but by right of dower.

Demurs to the bill, because complainants have remedy at law.

Admits that Hagan at her (Margaret's) instance, refuses to deliver possession, or to acknowledge himself tenant of said Sophia, &c.

The deed from Conn and his wife to Joseph Hendren, was dated March 13th, 1836, and was in due form, and properly acknowledged. The case was submitted by both parties for final decree.

*French* and *Burwell*, for complainants.

*W. C. Smedes*, for defendant, Mrs. Conn.

The complainants were not entitled to the relief they ask.

1. Because Mrs. Conn is the owner in fee simple of the premises in controversy : her purchase at tax sale was prior to the legal interest the complainants acquired in the property, and her title had become absolute at law under the tax purchase before the institution of this suit ; unless, therefore, the complainants, by the pretended tender in this case, have destroyed the legal title in the defendant, and have entitled themselves to the cancelment of the tax deed, the bill, it seems to me, must be dismissed.

The doctrine of tender is a simple one. The person pleading it, must show an unconditional and unqualified tender of the sum due. If any restriction of any kind is imposed upon the offer, it takes away from it its character of a legal tender, and it amounts in law to nothing. Even the demand of a receipt for the money offered, has been held to violate the tender. *Glascot* v. *Day*, 5 Esp. N. P. C. 48 ; *Ryder* v. *Lord Townsend*, 7 D. and R. 119. So also the demand, that a particular document shall be given up to be cancelled, renders the tender invalid. *Huxham* v. *Smith*, 2 Camp. 21. To the same or similar effect are the cases of *Evans* v. *Judkins*, 4 Camp. N. P. C. 156 ; and *Strong* v. *Harvey*, 3 Bing. 304.; and *Brady* v. *Jones*, 2 Dow. and Ry. 305.

In this case the complainant tendered the money, and *requested* the delivery of the deed and of the possession. What is a request,

accompanying an offer of money, but a demand ? It is but to say, in other words, give me the deed and property and take the money. The statute affixes no conditions upon the purchaser of property at tax sales. The owner, to redeem, must, within one year, tender the sum due. How. & H. 105. In this case the complainant made an abortive attempt at a tender ; she grasped at too much and has lost all.

2. The defendant is entitled to possession : she claims a dower interest in the property. The Probate Court is the proper tribunal to allow dower ; she denies that she has conveyed her interest. The deed offered in proof is not the one described in the pleadings, and this Court will not disturb the possession of one holding by a title, the allotment and validity of which depend upon the action of another tribunal. How. &. Hutch. 351.

3. The defendant is in possession under an adverse title, claiming adversely.

The remedy of the complainants, by action of ejectment, is clear and unembarrassed at law. If the tender was a valid one, it destroyed the right and title of the defendant under the tax deed; and in an action at law, if the defendant should set up her tax title, the question of tender could there be made, and the facts investigated.

By the CHANCELLOR. Two questions are presented to me, by the facts of this case : 1, as to the sufficiency of the tender, and 2, as to the defendant's claim to dower in the premises.

It is contended, in the answer of Mrs. Conn, that the alleged tender, by the complainant, was coupled with a condition that she was not bound to comply with, and which destroyed its claims to be considered a legal tender. And her counsel, in argument, insist strenuously, upon the same position. If the position taken in argument be true, that the tender was made upon a condition, not obligatory upon the defendant, it would not be a legal tender. To constitute a valid tender it must be *unconditional*, and must always be of a definite and certain character. *Eastland* v. *Long-shorn*, 1 Nott & M'Cord, 194 ; *Evans* v. *Judkins*, 4 Camb. 156 ; *Huxham* v. *Smith*, 2 Camp. 21.

It becomes, then, important to inquire how far the position assumed is sustained by the facts. The language of the bill upon that subject is this : " That on the 23rd day of March, 1841, within twelve months from said sale, your oratrix, Sophia Bacon, learning, for the first time, that said lot had been sold for taxes, did, on that day, tender to said Margaret Conn, the sum so paid by her, and all charges since her said purchase, if any, and interest at the rate of one hundred per centum per annum, and requested said Margaret Conn to inform her, if she had any other claim for taxes or charges than as thus above stated, and to receive the same, payment of which was then tendered ; and that, upon such receipt, said Margaret Conn would deliver up, cancel, or transfer to said Sophia Bacon, and the other parties interested in said lot, the deed so acquired from the tax-collector, and also give possession of said lot 90, in square 16." The bill goes on to say, that " the said Margaret, not objecting to the amount or form of said tender, but admitting the sufficiency thereof, refused to receive the money, and to comply with the requests aforesaid."

The answer of Mrs. Conn, admits the offer to pay the entire sum that was due to her, but states, that " said offer of Sophia Bacon was coupled with conditions, set forth in said bill, which this respondent could not, and would not, comply with ; " she denies, therefore, the legality of the tender ; and this is the point for my decision. I can have no doubt, that if the demand of possession of the premises had been made by the complainant as a *condition precedent* to the payment of the tendered money, that it would not have amounted to a legal tender. (*Glascot* v. *Day*, 5 Esp. N. P. C. 48 ; *Ryder* v. *Lord Townsend*, 7 D. & R. 119, cited by defendant's counsel, where it was held, that even the demand of the *receipt*, for the money tendered, vitiated the tender.) But I apprehend it will be found, upon a close examination of the statements of the bill upon that subject, and the admissions of the answer, that the tender, in this case, was a full, adequate, and absolute tender of the money due, trammelled with no condition whatever. That the money offered was in amount equal to the sum due, and that it was offered within the proper period, as limited by statute, are facts not more explicitly stated

than *explicitly* admitted. The bill states, that on the 23d of March, the complainant tendered the sum due. Had it stopped there, the defendant could have made no objection. The obnoxious qualification would not have existed ; but the bill continues, and states, that the complainant *requested* the defendant to disclose whether or not she had any other claims for taxes, and if so to declare them and she would pay them, and that upon their receipt, the defendant would deliver up her tax deed to be cancelled, and would give possession of the lot to those entitled to it. Claiming the latter, by virtue of her supposed right of dower, she refused to deliver the possession, and rejected the tender, because, as she alleges, *the bill states it was made on condition she would transfer the possession ;* she did not make this objection at the time, to the complainant, but peremptorily refused to receive the sum offered to her, assigning no reason for it ; or, at least, if any was assigned, it does not appear to me, either from the bill or answer, and no proof has been made by either party on the subject of the tender. From the silence of the defendant on that point, the inference is a fair, just, and doubtless true one, that her refusal to receive the tender was unqualified. Had she stated her objection at the time, it might, if it existed at all, have been removed. The object of the complainant seems to have been to free the property from the difficulty occasioned by the tax sale, and her tender was promptly made, as soon as knowledge of the sale reached her, and she would doubtless have relieved it from the alleged obstacle, if the defendant, as in good faith she was bound to have done, had disclosed her objections to the form and wording of the tender, and given the complainant an opportunity to remove them.

The inclination of my mind, and of the authorities, is, that this silence of the defendant, as to objections to the mode of the tender, accompanied with a peremptory refusal to receive the money offered, would forever preclude the defendant from urging at any subsequent period any such objection. It is not necessary, however, for me so to decide in this case. From a careful examination of the allegations of the bill, and an inspection of the guarded denials of the answer, I think it is apparent that the tender in this case was unobjectionable. The supposed conditions were not

attached to the tender, and formed no part of it; they were mere *requests* of the most reasonable kind, made after the tender, complete and perfect in itself, had been formally made.   The tender and requests were both refused.   And the defendant cannot now be permitted to give as a reason for refusing the tender, that which at the time was not a condition attached to it, and the refusal to comply with which was in keeping with the rejection of the money tendered, and naturally grew out of it.   I consider this objection to the relief prayed for as invalid, and, unless I find something in the other objection more tenable, I shall make the decree asked.

The bill alleges, that the defendant united with her husband in the deed, to Joseph and others, of the 10th of March, 1836 ; the answer denies the execution of such a deed; and the one offered in evidence is dated not the 10th, but 1*3th of March,* 1836.   The variance is fatal.   The deed must be excluded as testimony.   If this is a mistake, or oversight of counsel, as I must suppose it to be, and the fact is so shown to me, I shall grant the complainant leave to amend, and insert the true date of the deed. The deed of the 13th of March is properly executed, the relinquishment of dower is in due form, and if the deed alluded to in the bill, with which it in all respects corresponds, except the dates, it completely disproves the denials of the answer, on the subject of the defendant's dower interest in the property.   If the mistake in the date of the deed can be agreed upon by counsel, and corrected by their consent, I am prepared to pronounce a decree for the complainant.

It was said in argument, that the complainant's remedy was at law ; this may be true, so far as the recovery of the possession of the property extends ; with reference to the cancelment of the tax deed, however, the case is clearly one for equitable cognizance ; and also for the purpose of having an account with reference to the rents.